

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Garrett D. Kennedy
garrett.kennedy@dlapiper.com
T   212.335.4708
F   212.335.4501

July 19, 2016

*Via ECF*

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

The Honorable Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   *Gathmann-Landini v. lululemon usa inc.*,
        Case No.: 2:15-cv-06867 (JMA)(AYS)

Dear Judge Azrack and Judge Shields:

This firm represents defendant lululemon usa inc. ("Defendant" or "lululemon") in the above-referenced action. We write in response to correspondence, dated July 12, 2016, of plaintiff Rebecca Gathmann-Landini ("Plaintiff"), in which she requests a pre-motion conference under Rule IV.B of Judge Azrack's Individual Rules, seeking leave to file a motion for conditional certification of a collective under the Fair Labor Standards Act ("FLSA"). Plaintiff's proposed application is premature, contrary to Judge Shields' May 24, 2016 Scheduling Order (the "Scheduling Order") and, in any event, should be denied on the merits.

**I.   Statement of Relevant Facts**

By way of background, Defendant is a retailer of yoga and athletic apparel. Plaintiff is a former employee who worked first as an "Educator," *i.e.*, a sales associate, and, more recently, as an Assistant Store Manager ("ASM") and interim Manager at its Roosevelt Field location. As an ASM and interim Manager, Plaintiff, *inter alia*, oversaw employee scheduling, managed employee work hours, and ensured employees were properly paid for time worked. Plaintiff's employment was terminated after she was caught red-handed stealing hundreds of dollars of Company gift cards.

Presently, Plaintiff claims she and a putative class of lululemon "employees in nonexempt, retail positions and who did not execute an arbitration agreement" (the "Putative Collective") were not paid for certain hours worked. She seeks recovery under the FLSA and the New York Labor Law. Defendant recently moved to dismiss Plaintiff's Amended Complaint.

**II.   Plaintiff's Application Is Premature in Light of Defendant's Motion to Dismiss**

First, Plaintiff's application is premature. Defendant served a motion to dismiss her Amended Complaint on July 15, 2016 (the "Motion"), which has not yet been briefed, much less decided (per Judge Azrack's Individual Rules, this will be filed with the Court once briefing is complete). Briefing, arguing and deciding conditional certification prior to the Motion, which



may resolve this issue, serves no legitimate purpose and only risks needlessly wasting the Court's and the parties' time, resources and money. Moreover, if conditional certification was granted but this action later dismissed, issuance of notice to the collective – Defendant's employees – plainly would be prejudicial and risk confusion among potential collective members as to the status of this action. Certainly, Plaintiff has not identified any rationale for why conditional certification prior to a decision on the Motion is needed or appropriate, nor has she identified any prejudice she or the Putative Collective would suffer as a result of considering conditional certification after the Motion (because there is none).

### III. Judge Shields' Discovery Plan Contemplates an Application for Conditional Certification at a Subsequent Stage of Litigation

Judge Shields' Scheduling Order requires, among other things, that the parties complete and file a proposed discovery schedule. (*See* ECF No. 23.) Recognizing the complexities of an FLSA collective action, the Scheduling Order appends a highly detailed discovery schedule specifically for such actions (the "FLSA Order"). (*See* ECF No. 23-1, Appendix D.) The Scheduling Order requires the parties to fill out certain dates in the FLSA Order and thereafter file it, so that it might be So Ordered by Judge Shields.

The FLSA Order lays out procedures for handling preliminary matters in FLSA actions. It first requires the parties to exchange initial discovery concerning only the named plaintiff and any opt-in plaintiffs (*id.*, ¶¶ 1-3), which phase is followed by a mandatory period to discuss settlement (*id.*, ¶¶ 4-5); all other discovery is "STAYED" during this time (*id.*, ¶ 6). The FLSA Order contemplates that only after these preliminary procedures are complete shall the Court consider conditional certification matters: it states, "[i]n the event ***no settlement is reached*** under these procedures, and this Court ***later*** grants a motion permitting notice to be sent to similarly situated individuals . . . the limitations period for any person receiving notice will be tolled from the date of this Order . . . ." (ECF No. 23-1, ¶ 7 [emphasis added].)

The Scheduling Order anticipates consideration of conditional certification only ***after*** completion of the FLSA Order's initial discovery and settlement procedures. To date, these preliminary matters have not been completed; while the FLSA Order was filed, it was not So Ordered, which we understand to be because Judge Shields has postponed the parties' Initial Conference – and thus their other initial discovery obligations under the FLSA Order – pending resolution of the Motion (ECF No. 25). Given this, Plaintiff's application is premature and contrary to the Scheduling Order's anticipated procedures for FLSA actions.[1]

### IV. Conditional Certification Should Not Be Granted

Conditional certification would be improper and Plaintiff's application futile. Among other things, Plaintiff is not similarly situated to members of the Putative Collective, nor is she subject to any "common policy or plan" with any Putative Collective members.

---

[1] Defendant would agree to toll the FLSA limitations period for purposes of this action pending a decision on the Motion.



The Honorable Joan M. Azrack<br>
The Honorable Anne Y. Shields<br>
July 19, 2016<br>
Page Three

Initially, Plaintiff's proposed motion for conditional certification is futile as she has not identified, nor can she identify, any "common policy or plan" to which the Putative Collective is subject. This is, of course, because no such "policy or plan" exists and, to the contrary, Plaintiff and the Putative Class were properly compensated at all times. Tellingly, Plaintiff identifies no "policy or plan" in her request for a pre-motion conference or her Amended Complaint (or anywhere else) but, instead, relies on boilerplate and conclusory allegations. This is insufficient.

Beyond that, Plaintiff is not "similarly situated" to the Putative Collective. Among other things, Plaintiff worked at a single store location under a store-dedicated Manager and cannot possibly speak to the requirements or compensation procedures at other stores. Likewise, the sole opt-in plaintiff to date worked at the same store as Plaintiff and can offer nothing more than Plaintiff to support the claims here (and, in any event, she signed an arbitration agreement with lululemon and thus is not a member of the Putative Collective and, should she continue to refuse to withdraw from this action, will be the subject of a motion to compel arbitration). Indeed, to the contrary of her claims, all wage and hour matters are handled locally by a Manager and ASMs, including matters related to work scheduling and correction of any timekeeping errors, and thus employees were not "similarly situated" across different stores.

Beyond this, Plaintiff suffers from serious conflicts of interest which prohibit her from being "similarly situated" to the Putative Collective. Among other things, Plaintiff's claims suffer as her employment was terminated as a result of serious misconduct – theft – which subjects her to unique defenses inapplicable to the Putative Collective. *See, e.g., Wright v. Family Dollar, Inc.*, 2010 WL 4962838, at *2 (N.D. Ill. Nov. 30, 2010); *Mateo v. V.F. Corp.*, 2009 WL 3561539, at *5 (N.D. Cal. Oct. 27, 2009). In addition, even if one were to accept her allegations as true, Plaintiff was herself responsible for the very claims at issue as she oversaw scheduling and compensation of other employees. *Id.* Beyond this, as a managerial employee, she is not similarly situated to, and cannot represent, non-managerial employees as a matter of law (and this conflict is not overcome by the fact that Plaintiff was once a non-managerial employee). *See, e.g., Sheehan v. Purolator, Inc.*, 103 F.R.D. 641, 650-52 (E.D.N.Y. 1984); *Eng-Hatcher v. Sprint Nextel Corp.*, 2009 WL 7311383, at *7 (S.D.N.Y. Nov. 13, 2009).

* * *

Based on the foregoing, Defendant respectfully requests that the Court deny Plaintiff's application. We thank the Court of its attention to this matter.

Respectfully submitted,<br><br>
Garrett D. Kennedy, Esq.

cc: Kara S. Miller, Esq. (counsel for Plaintiff)