UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBECCA GATHMANN-LANDINI, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>LULULEMON USA INC., and any other related entities,<br><br>Defendants. | Case No.: 2:15-cv-06867 (JMA)(AYS) |

**DEFENDANT LULULEMON USA INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**DLA PIPER LLP (US)**

Katharine J. Liao (admitted *pro hac*)
Garrett D. Kennedy
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501
katharine.liao@dlapiper.com
garrett.kennedy@dlapiper.com

*Attorneys for Defendant lululemon usa inc.*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS .......................................................................................................... 2

    I.    Plaintiff's Conclusory and Deficient "Factual" Allegations.................................. 2

    II.    Opt-In Plaintiff Julia Hammer ............................................................................. 4

ARGUMENT ................................................................................................................................ 5

    I.    Plaintiff's Amended Complaint Is Deficient and
        Properly Should Be Dismissed ............................................................................. 5

        A.    Applicable Standard.................................................................................. 5

        B.    Plaintiff Has Failed to Plead Facts Sufficient to Support Her
            Claims for Overtime Compensation ........................................................ 6

        C.    Plaintiff Has Failed to Plead Minimum Wage Violations ........................ 9

        D.    Plaintiff's Other Wage Claims Should Be Dismissed ............................ 12

    II.    Ms. Hammer's Claims Should Be Dismissed From this Action ........................ 13

CONCLUSION ........................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**CASES**

*Amponin v. Olayan Am. Corp.*,
   No. 14-cv-2008 (TPG), 2015 WL 1190080 (S.D.N.Y. Mar. 16, 2015)......................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S.Ct. 1937 (2009)..............................................................................5, 6, 12

*Ayala v. Looks Great Servs., Inc.*,
   No. 14-cv-6035 (ADS)(SIL), 2015 WL 4509133 (E.D.N.Y. July 23, 2015) ...........................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S.Ct. 1955 (2007)........................................................................................6

*Boutros v. JTC Painting & Decorating Corp.*,
   No. 12-cv-7576, 2013 WL 5637659 (S.D.N.Y. Oct. 15, 2013).................................................8

*Bustillos v. Acad. Bus, LLC*,
   No. 13 CIV. 565 (AJN), 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014)......................................7

*Casci v. Nat'l Fin. Network, LLC*,
   No. 13-cv-1669 (DRH)(GRB), 2015 WL 94229 (E.D.N.Y. Jan. 7, 2015)....................8, 10, 11

*Copper v. Cavalry Staffing, LLC*,
   132 F. Supp. 3d 460, 466 (E.D.N.Y. 2015) .....................................................................10, 12

*Cromwell v. New York City Health & Hosps. Corp.*,
   2013 WL 2099252 (S.D.N.Y. May 15, 2013) .........................................................................7

*Dejesus v. HF Mgmt. Servs., LLC*,
   726 F.3d 85 (2d Cir. 2013), *cert. den.*, 134 S. Ct. 918 (2014)...............................................6, 8

*Gisomme v. HealthEx Corp.*,
   No. 13-cv-2541 (LDW)(WDW), 2014 WL 2041824 (E.D.N.Y. May 15, 2014) .....................8

*James v. Countrywide Financial Corp.*,
   849 F. Supp. 2d 296 (E.D.N.Y. 2012) ..................................................................................6, 9

*Johnson v. Equinox Holdings, Inc.*,
   No. 13-cv-6313 (RMB)(JLC), 2014 WL 3058438 (S.D.N.Y. July 2, 2014).................8, 10, 11

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
   711 F.3d 106 (2d Cir. 2013).................................................................................................6, 7

*Nakahata v. N.Y. Presbyt. Healthcare Sys., Inc.*,
  723 F.3d 192 (2d Cir. 2013) ...........................................................................................7, 8

*Oram v. SoulCycle LLC*,
  979 F. Supp. 2d 498 (S.D.N.Y. 2013)..................................................................................10

*Perkins v. 199 SEIU United Healthcare Workers E.*,
  73 F. Supp. 3d 278 (S.D.N.Y. 2014)......................................................................................8

*Serrano v. I. Hardware Distributors, Inc.*,
  No. 14-cv-2488 (PAC), 2015 WL 4528170 (S.D.N.Y. July 27, 2015) .....................................7

*Spiteri v. Russo*,
  No. 12-cv-2780 (MKB)(RLM), 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013),
  *aff'd*, No. 13-3806, 2015 WL 6874951 (2d Cir. Nov. 10, 2015)................................................8

**STATUTES, REGULATIONS AND OTHER AUTHORITIES**

29 U.S.C. § 206(a) ............................................................................................................10

Fair Labor Standards Act. 29 U.S.C. 201, *et seq.* .................................................................. *passim*

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 5, 6

New York Lab. Law § 193 .................................................................................................12

New York Lab. Law § 562 .................................................................................................11

Defendant lululemon usa inc. ("lululemon" or "defendant") submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint ("Amended Complaint" or "AC") of plaintiff Rebecca Gathmann-Landini ("Gathmann-Landini" or "Plaintiff"), and further to dismiss the claims of opt-in plaintiff Julia Hammer (the "Motion").[1]

## PRELIMINARY STATEMENT

This action arises from Plaintiff's claim that she and a class and/or collective of individuals purportedly similarly situated to her (the "Putative Class") were not paid by lululemon for certain time worked, including in excess of 40 hours per week, in violation of the New York Labor Law ("NYLL") and the Fair Labor Standards Act ("FLSA").  Defendant vehemently disputes these claims and moves to dismiss Plaintiff's Amended Complaint in its entirety.

Plaintiff does not – because she cannot – plead any factual allegations to support her claims, but instead turn to a series of deliberately vague and conclusory assertions which fail to set forth *factual* allegations which are required as a matter of law.  Her vague and general allegations fail to so much as identify a *single* instance on which she performed worked for which she unpaid – there was no such instance – but instead turns to oblique allegations which fail to state actionable claims.

For instance, Plaintiff claims – without any specific factual context whatsoever – that she "typically worked more than 40 hours each week."  The Second Circuit has unequivocally rejected such vague and generalized claims of overtime violations, instead demanding that plaintiffs set forth specific facts supporting such claims.  Plaintiff here has completely failed to

---

[1] True and correct copies of exhibits ("Ex. [__]") submitted in support of this Motion are annexed to the declaration of Garrett D. Kennedy, dated July 15, 2016 (the "Kennedy Decl."), which is submitted herewith.

do so and, indeed, she does not even offer her work schedule or a specific week in which she worked more than 40 hours, despite the fact that such is expressly required by the Second Circuit. These claims should be dismissed.

Beyond this, Plaintiff's threadbare Amended Complaint fails to state any violation of the NYLL's or FLSA's minimum wage protections. To the contrary, her very allegations concede that she was regularly paid at a rate well above the prevailing minimum wage and, to the extent her deficient allegations permit calculation of her hourly compensation, it is clear that she at all times was paid above the minimum wage. Likewise, her generalized and conclusory allegations of alleged "off-the-clock" work are insufficient under federal pleading requirements to state a viable claim for the failure to pay regular hourly wages under the NYLL.

In addition, lululemon respectfully asks that this Court dismiss the claims of opt-in plaintiff Julia Hammer, a former employee of Defendant. The Putative Class in this action is limited only to employees "who did ***not*** execute arbitration agreements." Ms. Hammer, however, executed a broad arbitration agreement which requires that she "resolve any and all disputes between [her and lululemon] arising out of or in any way related to [her] employment with lululemon or the employment relationship . . . ." Given these facts, Ms. Hammer cannot be a member of the Putative Class and Defendant submits that her claims should be dismissed.

Based on the foregoing and the reasons below, Defendant respectfully requests that the Court grant the Motion in its entirety and dismiss the Amended Complaint, or, in the alternative, dismiss the claims of opt-in plaintiff Hammer.

## STATEMENT OF FACTS[2]

**I.     Plaintiff's Conclusory and Deficient "Factual" Allegations**

Defendant, a retailer of athletic and yoga apparel and related products, operates approximately 25 stores in New York State. (AC, ¶ 8.) Gathmann-Landini is a former lululemon employee who worked at its Roosevelt Field, New York location, first as a seasonal educator from November 1, 2012 to approximately January 2013, and more recently as an Assistant Store Manager, until her employment was terminated in late 2015 (for theft of hundreds of dollars of company gift certificates). (*Id.*, ¶ 23.) During the course of her employment, "Plaintiff was paid an hourly wage rate, which ranged from $12.00 to $22.39 per hour." (AC, ¶ 24.)

Plaintiff alleges that she and "a class consisting of other persons who performed work for Defendants as employees in nonexempt, retail positions" in the State of New York "who did not execute an arbitration agreement with Defendant" were not paid for certain work performed on behalf of lululemon, or at the prevailing overtime rate. (AC, ¶¶ 12, 13.) Specifically, Plaintiff alleges:

> 27.     Plaintiff typically worked more than 40 hours each week.
>
> 28.     Plaintiff and members of the putative class were not paid for all the hours they worked.
>
> 31.     Plaintiff typically performed 2 to 5 hours of "community work" each week for which she was not paid her hourly wage or overtime compensation.
>
> 36.     Plaintiff typically performed up to 5 hours of administrative work each week for which she was not paid her hourly wage or overtime compensation.

---

[2] As described herein, Defendant assumes the truth of the factual allegations in the Amended Complaint solely for purposes of this Motion.

3

> 38. Plaintiff Gathmann-Landini's paycheck would routinely reflect that she had worked fewer hours than she actually had.

(AC, ¶¶ 27, 28, 31, 36, 38.)

Plaintiff's allegations on behalf of the Putative Class are similarly conclusory:

> 32. Upon information and belief, members of the putative class performed anywhere from 1 to 5 hours of "community work" each week . . . .
>
> 34. Plaintiff and members of the putative class were typically not paid any hourly wages for the "community work" they performed pursuant to Lululemon policy.
>
> 37. Upon information and belief members of the putative class who employed in positions above entry level "educators" also typically performed up to 5 hours of administrative work each week for which they were not paid their hourly wage or overtime compensation.

(AC, ¶¶ 32, 34, 37.)

Nowhere does Plaintiff allege any specific facts to support her claims. For instance, while she vaguely alleges that she "typically" worked more than 40 hours, she fails to so much as even plead her "typical" work schedule or allege her "shifts," specify a single day or week on which she worked more than 40 hours but was paid, or provide any factual basis to support this conclusory assertion (because she cannot do so). (AC, ¶ 27.) Likewise, she purports to have "typically" worked "2 to 5 hours" of "community work" and "up to 5 hours" of "administrative work" per week, but fails to identify when she "typically" did this, *i.e.*, how it related to her purported schedule, whether such "community" and "administrative" work was compensable at her regular or overtime rate, or even the preliminary matter of what "community" and "administrative" work consisted of. (*See id.*, ¶¶ 35, 36.) Indeed, Plaintiff's allegations are so generalized and conclusory that she fails to even identify a single occasion on which she worked "administrative" or "community" work and was unpaid.

4

## II. Opt-In Plaintiff Julia Hammer

Ms. Hammer is a former employee of lululemon who, on July 8, 2013, executed a binding arbitration agreement with lululemon (the "Arbitration Agreement"). (Kennedy Decl., ¶¶ 2, 3; Exs. A, B.) The Arbitration Agreement provides, in relevant part:

> lululemon athletica ("lululemon") and the employee named below ("Employee") agree to resolve any and all disputes between them arising out of or in any way related to Employee's application for employment with lululemon or the employment relationship . . . by binding arbitration before a single neutral arbitrator as the sole and exclusive remedy of the parties. The disputes subject to this agreement include, but are not limited to, ***all potential claims relating to employment and termination of employment***, such as . . . compensation or benefits claims . . . and claims for violation of any local, state or federal law, statute, regulation or ordinance or common law to the fullest extent permitted by law . . . .

(*Id.* [emphasis added].) In addition, it contains an express class action waiver, providing that Ms. Hammer may only assert claims against lululemon in her "individual capacity, and not as a plaintiff or class member in any purported class or other representative proceeding." (*Id.*)

On May 10, 2016, Ms. Hammer filed a "Consent to Join Lawsuit" in this action. (ECF No. 22.) Defense counsel objected, informing Plaintiff's counsel that Ms. Hammer had entered into the Arbitration Agreement and requesting that her "Consent to Join Lawsuit" be withdrawn. (Kennedy Decl., ¶ 4; Ex. C.) On July 12, 2016, Plaintiff's counsel informed defense counsel that they would not withdraw Ms. Hammer's "Consent to Join Lawsuit." (*Id.*)

## ARGUMENT

### I. Plaintiff's Amended Complaint Is Deficient and Properly Should Be Dismissed

#### A. *Applicable Standard*

A motion to dismiss is proper where a complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on

5

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a viable claim. *Ashcroft*, 556 U.S. at 678. Thus, a complaint must contain more than "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). Likewise, allegations which are no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss, *Twombly*, 550 U.S. at 555, as they are "not entitled to the assumption of truth" that may otherwise apply on a motions to dismiss. *Iqbal*, 556 U.S. at 679. *See also James v. Countrywide Financial Corp.*, 849 F. Supp. 2d 296, 321 (E.D.N.Y. 2012) ("vague and conclusory" allegations of "entitlement to overtime compensation under the FLSA and NYLL" were "insufficient to withstand a motion to dismiss") (citations omitted).

### B. *Plaintiff Has Failed to Plead Facts Sufficient to Support Her Claims for Overtime Compensation*

Plaintiff's Amended Complaint fails to set forth sufficient *facts* to support her claims she and the Putative Class were not paid for overtime but instead relies on threadbare conclusory assertions and recitations of applicable legal standards. Extensive authority from the Second Circuit and its District Courts hold that this is insufficient as a matter of law to survive a Rule 12(b)(6) motion to dismiss. Accordingly, Defendant respectfully submits that its Motion should be granted and Plaintiff's Amended Complaint dismissed.[3]

The Second Circuit unequivocally has held that allegations of overtime violations which "track[] the statutory language of the FLSA [and the New York Labor Law], lifting its numbers

---

[3] "The same pleading requirements for plaintiffs FLSA claim apply to her claim under [the New York Labor Law]." *Amponin v. Olayan Am. Corp.*, No. 14-cv-2008 (TPG), 2015 WL 1190080, at *3 (S.D.N.Y. Mar. 16, 2015) (citations omitted).

6

and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation," should be dismissed. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013), *cert. den.*, 134 S. Ct. 918 (2014). Thus, general allegations that an employee worked more than 40 hours in "some or all weeks" cannot survive a Rule 12(b)(6) motion to dismiss, but rather the Second Circuit requires that pleadings to contain factual particulars, such as a specific schedule, an identified week in which overtime was worked, and other factual particulars. *Id.* (*discussing Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)) (plaintiff's claim that an employer failed to pay overtime in "some or all workweeks" was deficient). Such factual context is necessary to "'nudge' [a plaintiff's] claim 'from conceivable to plausible.'" *Id.* (*quoting Twombly*, 550 U.S. at 570).

To this end, claims that a plaintiff "'regularly worked' more than forty hours per week are insufficient" to survive a motion to dismiss. *Serrano v. I. Hardware Distributors, Inc.*, No. 14-cv-2488 (PAC), 2015 WL 4528170, at *3 (S.D.N.Y. July 27, 2015) (*citing Dejesus,* 726 F.3d at 89-90) (dismissing claim alleging that plaintiffs "worked 'an average' of 62 and 60 hours per week, respectively"). Likewise, claims that an employee "typically" worked overtime are deficient. *Cromwell v. New York City Health & Hosps. Corp.*, 2013 WL 2099252, at *3-4 (S.D.N.Y. May 15, 2013) (claim that plaintiff "typically" was scheduled to work "in excess of 40 hours" failed to state a claim). This is because such "estimates and approximations . . . invite the same sort of speculation" that the Second Circuit has held "does not amount to a plausible claim . . . ." *Id.* (*quoting Lundy*, 711 F.3d at 115).

By way of example, in *Bustillos v. Acad. Bus, LLC*, the court dismissed the plaintiff's overtime claim where he alleged he "regularly work[ed] from 60 to 90 hours per week," on the

7

basis that such constituted "conclusory assertion[s], without any supporting factual context . . . ." *Bustillos v. Acad. Bus, LLC*, No. 13 CIV. 565 (AJN), 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014). The court found both the alleged "broad range of hours" and the conclusory assertion that the plaintiff "routinely" worked such hours to be deficient. *Id.* at *4 (*citing Lundy*, 711 F.3d at 114-115; *Dejesus, LLC*, 726 F.3d at 90; *Nakahata v. N.Y. Presbyt. Healthcare Sys., Inc.,* 723 F.3d 192, 201 (2d Cir. 2013).

Here, the outcome should be no different. Plaintiff's allegation that she "typically worked more than 40 hours each week" is exactly the type of deficient pleading that is properly dismissed. Plaintiff no more than mimics the elements of her claims with conclusory allegations, but she sets forth no *facts* to "nudge" her claims from "conceivable to plausible." *Dejesus*, 726 F.3d at 89. For instance, she generally alleges to have "typically worked more than 40 hours each week," but claims her paycheck "would routinely reflect that she had worked fewer hours than she actually had," and, as a result, she was not paid for all hours worked. (AC, ¶¶ 27, 34, 36, 38.) These conclusory allegations are the very type that the Second Circuit has rejected time and again.

Indeed, completely absent are the very facts expressly required by the Second Circuit: Plaintiff does not allege any given workweek in which she worked more than 40 hours, does not set forth her regular schedule, and, in fact, offers no specifics whatsoever in support of her claims. Courts routinely reject nearly identical allegations. *See, e.g., Gisomme v. HealthEx Corp.*, No. 13-cv-2541 (LDW)(WDW), 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (*quoting Nakahata*, 723 F.3d at 201) (claim that plaintiff worked "an 'average' of 50 hours or more" per week "is insufficient to state a claim); *See Johnson*, 2014 WL 3058438, at *4 (finding allegation that plaintiff "typically" worked overtime to be "generalized and imprecise" and

8

subject to dismissal); *Perkins v. 199 SEIU United Healthcare Workers E.*, 73 F. Supp. 3d 278, 289-90 (S.D.N.Y. 2014) (plaintiff's allegation that "'[a]t all relevant times' . . . he 'was assigned and actually worked more than 40 hours per week'" constituted a "'threadbare recitals of the elements of a cause of action'" that did "not suffice to state a claim'").[4]

In sum, Plaintiff's Amended Complaint constitutes nothing but a naked recital of applicable legal standards devoid of factual support as is required by governing law. Extensive precedent holds that such deficient claims properly should be dismissed and, accordingly, Defendant respectfully requests that the Court grant its Motion to dismiss the Amended Complaint in its entirety.

### C. Plaintiff Has Failed to Plead Minimum Wage Violations

Plaintiff alleges that she was not paid at the prevailing minimum wage rate under each of the FLSA and the NYLL. However, she fails to set forth allegations sufficient to plead any such claims and, indeed, her claims are to the contrary. Accordingly, her claims for minimum wage violations should be dismissed.

"An employee cannot state a claim for a minimum wage violation 'unless [his] *average* hourly wage falls below the [applicable] minimum wage.'" *Johnson v. Equinox Holdings, Inc.*, No. 13-cv-6313 (RMB)(JLC), 2014 WL 3058438, at *3 (S.D.N.Y. July 2, 2014) (emphasis added). A plaintiff must "allege facts about [his] salary and working hours, such that a simple

---

[4] *See also Spiteri v. Russo*, No. 12-cv-2780 (MKB)(RLM), 2013 WL 4806960, at *56 (E.D.N.Y. Sept. 7, 2013), *aff'd*, No. 13-3806, 2015 WL 6874951 (2d Cir. Nov. 10, 2015) (dismissing overtime claim alleging that "Plaintiff worked approximately fifty (50) to (60) hours per week"); *Boutros v. JTC Painting & Decorating Corp.,* No. 12-cv-7576, 2013 WL 5637659 (S.D.N.Y. Oct. 15, 2013) (requiring plaintiffs to identify at least one week in which they worked overtime hours but were not paid overtime); *Ayala v. Looks Great Servs., Inc.*, No. 14-cv-6035 (ADS)(SIL), 2015 WL 4509133, at *8-9 (E.D.N.Y. July 23, 2015) (dismissing claim that "Plaintiffs worked more than ten (10) hours from Monday through Saturday every workweek" for "lack[ of] the requisite specificity"); *Casci v. Nat'l Fin. Network, LLC*, No. 13-cv-1669 (DRH)(GRB), 2015 WL 94229, at *3 (E.D.N.Y. Jan. 7, 2015) ("vague[]" allegation that "plaintiff 'worked in excess of forty (40) hours in certain weeks'" was and thus subject to dismissal); *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 320-21 (E.D.N.Y. 2012) (dismissing claim that plaintiff "forced to work in excess of forty (40) hours a week on a regular basis").

arithmetical calculation can be used to determine the amount owed per pay period." *Casci v. Nat'l Fin. Network, LLC*, No. 13-civ-1669, 2015 WL 94229 at *4 (E.D.N.Y. Jan. 7, 2015) (citation omitted). Such "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 466 (E.D.N.Y. 2015) (*quoting* 29 C.F.R. § 778.109). Courts apply this standard to each of the NYLL and the FLSA. *Copper*, 132 F. Supp. 3d at 465 (dismissing claims under FLSA and NYLL where plaintiff failed to plead minimum wage violation under "average hourly wage" standard); *see also, e.g., Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 502, 506 (S.D.N.Y. 2013) (where plaintiff indoor cycling instructor was paid "strictly on a per class basis," to "survive a motion to dismiss, Plaintiff's claim for minimum wage violations under the NYLL must be supported by factual allegations sufficient to establish that his weekly per class rate divided by his hours worked fell under that of the applicable minimum wage for unspecified workweeks").

Presently, the FLSA requires employers to pay their employees a minimum wage of $7.25 an hour. 29 U.S.C. § 206(a). Similarly, during the applicable statutory period, the NYLL had required that an employer pay a minimum wage ranging from $7.15 per hour to, presently, $9.00 per hour. NYLL § 562. Here, the Amended Complaint fails to set forth facts to support that Plaintiff's "average" hourly wages – or those of the Putative Class – ever fell below these threshold levels, as she must. *Johnson*, 2014 WL 3058438, at *3.

To this end, the Amended Complaint does not specify the number of hours which Plaintiff claims to have worked per week, the number of purported unpaid hours per week, or the total compensation which she received during her employment. "As a result, it is impossible to

10

infer from the allegations that plaintiff's compensation resulted in a straight time hourly rate below the minimum wage." *Casci*, 2015 WL 94229, at *4. The same holds true with respect to the Putative Class: she does not allege any specific hourly wage rate, any purported number of hours worked by the Putative Class, or anything other than recited legal standards which would support this claim. In short, Plaintiff's conclusory allegations of minimum wage violations are without factual support, deficient as a matter of law, and, "[a]ccordingly, plaintiff's FLSA and NYLL minimum wage claims [should be] dismissed." *Id*.

Indeed, even if the Court were to make assumptions based on Plaintiff's allegations in her favor, the Amended Complaint fails to set forth any minimum wage violation: Plaintiff concedes that during the course of her employment, she "was paid an hourly wage rate, which ranged from $12.00 to $22.39 per hour" and purports to have worked up to 5 hours of unpaid "administrative" or "community" work per week. Even assuming she worked 50 hours per week and was not paid for ten of those hours, taking her lowest alleged hourly pay rate of $12.00 per hour, she still was paid at an average rate of $9.60 per hour, above all prevailing minimum wage rates, and substantially above the rate of $8.75 that was in effect at the time of Plaintiff's termination from lululemon (or the other, lower minimum wages in effect during her employment).[5] *See Copper*, 132 F. Supp. 3d at 465-66.

Simply put, by her own allegations Plaintiff was paid well above the prevailing minimum wage rates throughout her employment. Given the foregoing, Plaintiff has failed to plead a minimum wage violation and her claims for such under the NYLL and the FLSA properly should be dismissed.

---

[5] Of course, consistent with the barebones allegations in her Amended Complaint, Plaintiff fails to specify when she was paid certain rates or the specific number of hours purportedly worked by her, making a precise calculation impossible and only further supporting dismissal.

11

### D. Plaintiff's Other Wage Claims Should Be Dismissed

Plaintiff's Amended Complaint fails to set forth factual allegations supporting that she and the Putative Class were not paid at their regularly hourly rate as required by the NYLL. *See* NYLL § 193. As Plaintiff does not set forth any such "factual matter," such claims are deficient and properly should be dismissed. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570).

As set forth above, *see* §§ I.B, C, *supra*, Plaintiff's Amended Complaint contends only that she and the Putative Class were "typically" not paid at their "hourly wage" for performing purported "community" or "administrative" work. However, she offers nothing more than these generalized allegations, while tellingly absent are any specific factual allegations regarding purported unpaid hourly wages. For instance, nowhere does she plead any facts relating to even a single specific occasion on which she was "required" to perform such "community work" and was unpaid for same, instead meekly pleading that she "typically" did so. Such "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557).

Amazingly, Plaintiff somehow offers even fewer "facts" to support her claims that the Putative Class was not paid at their regularly hourly wage rate: she claims only that the Putative Class "were not paid for all the hours they worked" or for "community work" or "administrative" work purportedly performed. (AC, ¶¶ 28, 34, 37.) But these allegations are entirely conclusory and no more than recitations of the applicable legal standards; to wit, Plaintiff offers absolutely no specifics whatsoever with respect to any Putative Class member working more than 40 hours per week on even a single occasion, much less proffers some overriding company policy or practice mandating any such "community work" or requiring that any such "administrative" work be performed "off the clock." This is insufficient and Defendant submits that these claims properly should be dismissed.

12

## II. Ms. Hammer's Claims Should Be Dismissed From this Action

Defendant submits that this Court should dismiss the claims of opt-in plaintiff Julia Hammer. (ECF No. 22.) Ms. Hammer cannot be a member of the Putative Class and, as such, may not properly consent to join in the instant lawsuit.[6]

In the present action, Plaintiff seeks to represent a Putative Class that is limited to "persons who performed work for Defendants as employees in nonexempt, retail positions and who did not execute an arbitration agreement with Defendant." (AC, ¶ 12.) This class was part of a negotiated resolution between the parties regarding a prior dispute over the scope of the Putative Class and, in particular, whether persons who had executed such agreements properly could assert claims in this action. (ECF No. 18.)

Despite this, Plaintiff now improperly seeks to assert claims on behalf of Ms. Hammer, who filed a "Consent to Join Lawsuit" as an opt-in Plaintiff. (ECF No. 22.) However, Ms. Hammer previously entered into the Arbitration Agreement with lululemon, pursuant to which she must "***resolve any and all disputes . . . arising out of or in any way related to [her] . . . employment relationship . . . by binding arbitration***." (Kennedy Decl., ¶¶ 2, 3; Exs. A, B [emphasis added].) Suffice it to say, Ms. Hammer plainly falls outside of the defined scope of the Putative Class, namely persons "who ***did not*** execute an arbitration agreement with Defendant." (AC, ¶ 12 [emphasis added].) Given that Ms. Hammer necessarily falls outside the defined Putative Class, Defendant respectfully requests that this Court dismiss her claims from the present action.

---

[6] Defendant reserves all rights with respect to the Arbitration Agreement, including but not limited to the right to seek to enforce its terms by moving to compel arbitration should the Court deny Defendant's application to dismiss Ms. Hammer's claims at this time.

## **CONCLUSION**

Based on the foregoing, and as set forth below, Defendant respectfully requests that the Court grant its Motion in its entirety and dismiss the Amended Complaint, and compel arbitration against opt-in plaintiff Julia Hammer.

Dated: New York, New York
       July 15, 2016

                                                    Respectfully submitted,

                                                    DLA PIPER LLP (US)


                                                    By:  /s/ Garrett D. Kennedy

                                                    Katharine J. Liao, Esq. (admitted *pro hac*)
                                                    Garrett D. Kennedy, Esq.
                                                    1251 Avenue of the Americas
                                                    New York, New York 10020-1104
                                                    Tel.:  (212) 335-4500
                                                    Fax:  (212) 335-4501

                                                    *Attorneys for Defendant*
                                                    *lululemon usa inc.*