UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
REBECCA GATHMANN-LANDINI, *individually and on behalf of other persons similarly situated*,

                              Plaintiffs,

        -against-

LULULEMON USA INC., *and any other related entities*,

                              Defendant.
-----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
15-CV-6867 (JMA)(AYS)

**APPEARANCES:**

Kara S. Miller
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10006
    *Attorney for Plaintiff*

Garrett D. Kennedy
Katharine J. Liao
DLA Piper LLP
1251 Avenue of the Americas
New York, New York 10020
    *Attorneys for Defendant*

**FILED
CLERK**

03/31/2017

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Plaintiff Rebecca Gathmann-Landini has filed this putative class and collective action against defendant Lululemon USA Inc. alleging wage-and-hour violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 216(b), and the New York Labor Law ("NYLL"), Article 19 § 663, Article 6 §§ 190 et seq., and 12 NYCRR §§ 142-2.1, 2.2..  Defendant has moved to dismiss plaintiff's first amended complaint.  For the reasons stated below, defendant's motion is granted in part and denied in part.  Plaintiff's request to file a second amended complaint is granted.  Plaintiff shall file a second amended complaint by May 1, 2017.

1

## I. BACKGROUND

Plaintiff worked as a seasonal educator at defendant's Roosevelt Field location from November 2012 through January 2013. (Am. Compl. ¶ 23, ECF No. 19.) Plaintiff was then promoted and worked as an assistant manager until November 2015. (Id.)

Plaintiff originally filed this putative class action in state court, alleging that defendant failed to pay her regular time and overtime wages due under the NYLL. In her complaint, plaintiff alleged that she "typically worked approximately 50 hours per week." (Compl. ¶ 24, ECF No. 1.)

Defendant then removed this action to federal court. On December 9, 2015, defendant filed a pre-motion conference letter seeking leave to file a motion to dismiss and to strike plaintiff's class allegations. Defendant argued that plaintiff's pleading was insufficient to allege any unpaid wage violations. Defendant also sought to strike plaintiff's class allegations, arguing that plaintiff's role as an assistant manager created an inter-class conflict and typicality problems for the class.

In response to defendant's pre-motion letter, plaintiff asked for leave to amend the complaint to add additional factual allegations, noting that that the complaint was originally filed in state court, which has a liberal pleading standard. Plaintiff indicated that, while working for defendant, she "routinely represented Defendant at promotional events, such as soul cycle, yoga, and other athletic classes," for which she was not compensated. (Pl.'s 2/8/2017 Ltr. at 2, ECF No. 11.) Additionally, plaintiff's letter asserted that she "also performed work beyond 40 hours at Defendant's stores but [was] strongly discouraged from clocking in once 40 hours had been reached due to Defendant's company policies." (Id.)

The Court held a pre-motion conference and granted plaintiff's request to file an amended

complaint.[1]  Plaintiff then filed an amended complaint with some additional factual allegations. The amended complaint also added overtime and minimum wage claims under the FLSA.

On April 28, 2016, defendant filed another pre-motion conference letter seeking leave to file a motion to dismiss the amended complaint, arguing, again, that plaintiff's complaint failed to plausibly allege her unpaid wage claims.  Defendant also renewed its request to file a motion to strike.  Plaintiff filed a response to this letter but did not request leave to file a second amended complaint.  The Court set a briefing schedule for defendant's motion to dismiss but directed the parties not to brief defendant's proposed motion to strike at this time.

The Court will briefly review the allegations in plaintiff's amended complaint.  Plaintiff now alleges that she "typically worked more than 40 hours per week," and that her paycheck would routinely reflect that she had worked fewer hours than she actually had.  (Am. Compl. ¶¶ 27, 38.) Plaintiff was allegedly not compensated for "community work" and "administrative work" she performed.

Plaintiff and similarly situated employees "were told to perform 'community work' where they went to fitness classes and events to promote Lululemon's brand and increase Lululemon's sales."  (Id. ¶ 29.)  Defendant's management tracked the community work performed by its employees and the leads they obtained from community work.  (Id. ¶ 30.)  Plaintiff typically performed 2 to 5 hours of community work per week and was not paid her hourly wage or overtime compensation for that work.  (Id. ¶ 31.)  Plaintiff alleges that "[c]ommunity work was compensable work" for which plaintiff was required to receive her hourly wage rate and overtime compensation. (Id. ¶ 33.)

Plaintiff and other employees "were also typically required to perform administrative

---

[1] The parties also filed other pre-motion requests concerning a proposed motion to remand and a motion to compel arbitration.  The parties were ultimately able to resolve these proposed motions without motion practice.

3

work." (Id. ¶ 35.) "Plaintiff typically performed up to 5 hours of administrative work each week for which she was not paid her hourly wage or overtime compensation." (Id. ¶ 36.) The amended complaint does not provide any further details about administrative work.

In the instant motion to dismiss, defendant argues that these allegations do not plausibly state claims for unpaid overtime and minimum wages under the FLSA and the NYLL and unpaid regular time wages under the NYLL. Defendant also asserts that the claims of opt-in class member Julia Hammer should be dismissed because she agreed to arbitrate any claims against defendant.

## II.  DISCUSSION

### A.  Standard for a Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

### B.  Overtime Claims

Defendant argues that the amended complaint fails to include plausible allegations that plaintiff worked unpaid overtime.

"[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."

4

Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013). "Determining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). A plaintiff is not necessarily required to provide an approximation of overtime hours; however, such "an approximation 'may help draw a plaintiff's claim closer to plausibility.'" Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 88 (2d Cir. 2013) (quoting Lundy, 711 F.3d at 114 n. 7). Although plaintiffs alleging overtime violations are not required "to keep careful records and plead their hours with mathematical precision," the Second Circuit has recognized that "it is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place." Id. Accordingly, plaintiffs are required to "draw on those resources in providing complaints with sufficiently developed factual allegations." Id. at 90 (holding that barebones pleading alleging that in "some or all weeks" plaintiff worked more than "forty hours" a week without being paid overtime compensation was insufficient).

The pleading requirements addressed above apply equally to overtime claims under the NYLL. Id. at *89, 89 n. 5.

The Court agrees with defendant that plaintiff has failed to plausibly allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours. Critically, plaintiff has not even identified her regular work schedule. She has not identified what hours she regularly worked, excluding the community and administrative work for which she claims she was not properly compensated. See, e.g., Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013) (finding that plaintiffs' allegations that they "were not compensated for work performed during meal breaks, before and after shifts, or during required trainings—raise the possibility that Plaintiffs were undercompensated in violation of the FLSA

5

and NYLL; however, <u>absent any allegation that Plaintiffs were scheduled to work forty hours in a given week</u>, these allegations do not state a plausible claim for [overtime violations]") (emphasis added). Merely alleging that she typically worked more than 40 hours per week is insufficient to plausibly plead overtime claims under the FLSA and the NYLL. And, contrary to plaintiff's suggestion, her additional allegations concerning community and administrative work do not save her claims from dismissal under <u>Iqbal</u>. Without knowing plaintiff's regular schedule, the Court cannot infer that plaintiff's alleged community and administrative work resulted in unpaid overtime in any week.

None of the district court decisions that plaintiff cites are to the contrary. Notably, the decisions cited by Gathmann-Landini all concern plaintiffs whose complaints included, <u>inter alia</u>, allegations about their regular work schedules. See <u>Humphrey v. Rav Investigative & Sec. Servs. Ltd.</u>, 169 F. Supp. 3d 489, 497 (S.D.N.Y. 2016) ("Humphrey asserts that he had a scheduled workweek consisting of four ten-hour shifts, but was also required to arrive early to each shift for specific reasons, and he believes this uncompensated time averaged out to two and one-half hours per week."); <u>Mendoza v. Little Luke, Inc.</u>, No. 14-CV-3416, 2015 WL 998215, at *5 (E.D.N.Y. Mar. 6, 2015) ("[T]he Amended Complaint here approximates each Plaintiff's weekly hours at various points of his employment along with specific start and end times for each day of work."); <u>Anjum v. J.C. Penney Co.</u>, No. 13-CV-460, 2014 WL 5090018, at *17 (E.D.N.Y. Oct. 9, 2014) (noting that plaintiff, a full-time worker, alleged that she was "typically scheduled to work at most thirty-eight hours in a regular week" and also worked additional uncompensated time due to three allegedly unlawful time-keeping practices).

Plaintiff argues that, as a full-time employee, she had a standard 40-hour workweek. However, no such facts are alleged in the amended complaint. Instead, plaintiff asks the Court to

consider a compensation letter that plaintiff received from defendant that lists her hourly compensation as $19.23 and her base pay as $40,000. Plaintiff then does some simple math, showing that an employee who works 40 hours per week at $19.23 per hour will make around $40,000 over the course of 52 weeks. Plaintiff asserts that this documentary proof shows that she was regularly assigned a 40-hour schedule. Plaintiff maintains that the Court should consider this letter on this motion to dismiss because: (1) according to plaintiff, she relied on this document when drafting the complaint; and (2) the Court can take judicial notice of this document. Plaintiff's judicial notice argument is frivolous. As to plaintiff's argument that this letter should be considered because it is integral to the complaint and was relied on in its drafting, the Court is not persuaded. Accordingly, the Court declines to consider the letter in deciding this motion to dismiss. In any event, the letter is insufficient, on its own, to plausibly suggest that plaintiff had a regular 40-hour schedule.[2]

Accordingly, the Court dismisses plaintiff's overtime claims under the FLSA and the NYLL.

The Court notes that defendant also argues that plaintiff's allegations concerning her community and administrative work fail to include necessary specifics regarding that work. Because plaintiff's failure to allege her regular schedule is fatal to her overtime claims, it is unnecessary to address defendant's argument further in the context of plaintiff's overtime claims. Without knowing exactly what additional allegations will be included in plaintiff's second amended complaint, it is difficult at this point to assess whether plaintiff's allegations concerning

---

[2] As discussed infra, the Court is granting plaintiff's request to file a second amended complaint. The Court does not believe that plaintiff's compensation letter alone is a sufficient basis for plaintiff to allege, consistent with the requirements of Federal of Civil Procedure Rule 11, that she was regularly scheduled to work 40 hours per week. While an employee who works off-the-clock cannot be expected to recall the length and dates of such work with precision, the employee can be expected to recall the regular schedule she ordinarily worked. If plaintiff had a schedule that varied often, she can make that clear in her second amended complaint and can include whatever additional factual allegations would be necessary to plausibly allege that she worked uncompensated overtime.

community and administrative work are specific enough to raise plausible overtime claims. Nevertheless, plaintiff would be well-advised to flesh these allegations out further in her second amended complaint. Some of the deficiencies in plaintiff's allegations concerning administrative work are addressed in the Court's discussion below concerning plaintiff's regular time claim under the NYLL. Moreover, the Court notes that plaintiff's allegations concerning both community and administrative work provide rather large ranges concerning the amount of time that she "typically" spent each week on each type of work. Depending on how many hours plaintiff was regularly scheduled to work, this might create plausibility problems down the road for plaintiff's overtime claims. Cf. Burns v. Haven Manor Health Care Ctr., LLC, No. 13-CV-5610, 2015 WL 1034881, at *3 (E.D.N.Y. Mar. 10, 2015) ("Lundy discouraged courts from inferring that [different types of unpaid work], pleaded separately, converged in one particular week.")

**3.  Regular Time Claim under the NYLL**

Plaintiff has also pleaded a "regular time" claim under the NYLL for unpaid wages concerning her community and administrative work. This claim simply seeks payment for any unpaid wages that plaintiff is owed for uncompensated time that she worked. Unlike plaintiff's overtime claims under the FLSA and the NYLL, plaintiff's regular time NYLL claim does not depend on plaintiff having worked any time in excess of 40 hours per week.

Defendant asserts that plaintiff's allegations concerning community and administrative work are not specific enough to raise plausible claims for unpaid regular time wages. According to defendant, these claims are not plausible because plaintiff fails to provide factual details about any specific instance of community work or administrative work.

The Court finds that plaintiff's allegations about community work are sufficient to plausibly allege that she spent some time performing community work and was not compensated

8

for that time. Accordingly, the Court will not dismiss plaintiff's unpaid wages claim based on community work. Because plaintiff has plausibly alleged that defendant's failure to pay her for community work violated the NYLL, her NYLL regular time unpaid wages claim will proceed.

However, the Court concludes that plaintiff has not plausibly pled that she performed any administrative work for which she should have been, but was not, compensated. First, plaintiff does not provide any details about this administrative work. Second, the amended complaint does not explicitly allege that plaintiff's administrative work was compensable work. By contrast, the amended complaint explicitly alleges that plaintiff's community work was compensable work. Similarly, unlike her allegations concerning community work, plaintiff has not alleged that defendant was required to pay plaintiff her hourly wage or overtime compensation for her administrative work. Third, unlike plaintiff's community work, which plaintiff alleges was tracked by defendant, there are no allegations in the amended complaint suggesting that defendant knew, or even should have known, that plaintiff was performing this administrative work.[3] Fourth, plaintiff's vague allegation that she "<u>was</u> . . . <u>required</u> to perform administrative work" raises additional questions. (Am. Compl. ¶ 35 (emphasis added).) For example, did supervisors tell plaintiff that she was "required" to perform this administrative work off-the-clock? The complaint is silent on this question and never attempts to explain why plaintiff was "required" to perform any administrative work off-the-clock.[4]

Finally, in challenging plaintiff's regular time claim, defendant also argues that the factual

---

[3] Defendant has not explicitly argued that plaintiff must allege that defendant had actual or constructive knowledge of this administrative work for it to be compensable. However, even if pleading such facts is not required, the other flaws in plaintiff's allegations concerning administrative work are, standing alone, sufficient to render her claims about administrative work implausible.

[4] Notably, plaintiff's February 8, 2016 pre-motion letter, which did not mention administrative work, represented that plaintiff "performed work beyond 40 hours at Defendant's stores but [was] strongly discouraged from clocking in once 40 hours had been reached due to Defendant's company policies." (Pl.'s 2/8/2017 Ltr. at 2.) Plaintiff's amended complaint, however, contains no such allegations concerning this purported policy and off-the-clock work.

allegations concerning the putative class members are insufficiently specific to plead plausible class claims. The Court declines to dismiss any class claims on this basis. Defendant does not provide any authority for the proposition that pleadings concerning putative class members should be analyzed under Iqbal's plausibility standard. To the extent that defendant has any authority for such an approach, defendant is free to raise it in response to plaintiff's second amended complaint.

**4.  Minimum Wage Claims**

Defendant has also moved to dismiss plaintiff's minimum wage claims under the FLSA and the NYLL. In her opposition brief, plaintiff explicitly withdraws her FLSA minimum wage claim—the third cause of action in the amended complaint. Plaintiff's brief does not address any minimum wage claims under the NYLL. Accordingly, the Court assumes that plaintiff is not pursuing any such claim. In any event, to the extent that plaintiff's first cause of action includes a minimum wage claim under the NYLL, that claim is also dismissed. Defendant's memorandum of law correctly explains why any minimum wage claim under the NYLL claim is implausible.

**5.  Motion to Amend**

Plaintiff has requested permission to file a second amended complaint. Defendant opposes this request.

Plaintiff's request is granted. Although plaintiff previously amended the complaint, plaintiff should be given an opportunity to try to cure the deficiencies identified by the Court.

**6.  Motion to Dismiss Opt-in Plaintiff Julia Hammer**

Defendant also asks the Court to dismiss opt-in plaintiff Julia Hammer because, according to defendant, she agreed to arbitrate any claims against defendant. The Court declines to address this argument as part of the instant motion to dismiss. Defendant can renew this request in a pre-motion conference letter concerning a motion to compel arbitration of Hammer's claims.

### III.  CONCLUSION

For the reasons stated above, the Court grants defendant's motion to dismiss in part, and dismisses plaintiff's: (1) overtime and minimum wage claims under the FLSA and the NYLL; and (2) plaintiff's regular time claim under the NYLL to the extent that it is premised on unpaid administrative work.  The Court denies defendant's motion to dismiss plaintiff's regular time claim under the NYLL to the extent that it is premised on unpaid community work.  Plaintiff shall file a second amended complaint by May 1, 2017.

**SO ORDERED.**

Dated:  March 31, 2017  
      Central Islip, New York

    __/s/ (JMA)_____  
    Joan M. Azrack  
    United States District Judge