UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

REBECCA GATHMANN-LANDINI,
individually and on behalf of other persons
similarly situated,

Plaintiffs,

- against -

LULULEMON USA INC.; and any other related
entities,

Defendant.

Index No.: 15-CV-6867(JMA)(AYS)

**DEFENDANT LULULEMON USA INC.'S ANSWER AND SEPARATE
DEFENSES TO THE SECOND AMENDED COMPLAINT**

Defendant LULULEMON USA INC. ("Defendant" or "lululemon"), as and for its
Answer and Separate Defenses to the Second Amended Class Action Complaint of Plaintiff
REBECCA GATHMANN-LANDINI ("Plaintiff" or "Gathmann-Landini"), dated April 24, 2017
(the "Complaint"), which purports to allege claims individually and on behalf of similarly
situated persons (collectively, the "Putative Class"), states as follows:

**PRELIMINARY STATEMENT**

1.      Paragraph 1 of the Complaint contains legal arguments and conclusions to which
no response is required; to the extent that a response is required, Defendant denies the allegations
contained in Paragraph 1 of the Complaint.

2.      Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION

5.      Paragraph 5 of the Complaint contains legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

## VENUE

6.      Paragraph 6 of the Complaint contains legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

## THE PARTIES

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and those allegations are, therefore, denied.

8.      Defendant admits that it is a foreign corporation authorized to do business in New York, and denies the remaining allegations contained in the first sentence of Paragraph 8 of the Complaint.  The allegations in the second sentence of Paragraph 8 of the Complaint purport to characterize the contents of Defendant's website, which speaks for itself, and Plaintiff's characterization of same is specifically denied.

9.      Paragraph 9 of the Complaint contains legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.      Paragraph 10 of the Complaint contains legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

2

11.     Defendant admits the allegations contained in Paragraph 11 of the Complaint.

## CLASS ALLEGATIONS

12.     Defendant acknowledges that Plaintiff purports to seek to represent a class of workers pursuant to Fed. R. Civ. P. 23, as set forth in Paragraph 12 of the Complaint. Defendant, however, denies that Plaintiff's claims are suitable for class treatment, that Plaintiff can satisfy the required conditions precedent to maintaining any class with respect to any of her claims, and that Plaintiff can maintain any class (or individual) claims against Defendant.

13.     Defendant acknowledges that Plaintiff purports to seek to represent the class of workers identified in Paragraph 13 of the Complaint.  Defendant, however, denies that Plaintiff's claims are suitable for class treatment, that Plaintiff can satisfy the required conditions precedent to maintaining any class with respect to any of her claims, and that Plaintiff can maintain any class (or individual) claims against Defendant.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint contains legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint contains legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     The first sentence of Paragraph 18 of the Complaint contains legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendant

denies the allegations contained in the first sentence of Paragraph 18 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and those allegations are, therefore, denied.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and those allegations are, therefore, denied.

21.     Paragraph 21 of the Complaint contains legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint contains legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint contains legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

## FACTS

24.     Defendant admits that Plaintiff worked at different times as both an educator and an assistant store manager, until in or about November 2015, when her employment was terminated after Plaintiff was caught red-handed stealing from Defendant.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint contains legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant admits that Plaintiff did not execute an arbitration agreement with lululemon in connection with her employment.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant admits that it recorded Plaintiff's working hours.  By way of further response, Defendant expressly rejects Plaintiff's inference in Paragraph 32 of the Complaint that she performed any work "off the clock"; all working time was "on the clock" and she was paid accordingly.

33.     Paragraph 33 of the Complaint purports to describe the contents of the document attached to the Complaint as Exhibit A, which document speaks for itself, and Plaintiff's characterization of the same is expressly denied.

34.     Defendant admits that some members of the Putative Class worked 40 hours or more in a given week from time to time, and denies the remaining allegations in Paragraph 34 of the Complaint.  By way of further response, Defendant expressly rejects Plaintiff's inference in Paragraph 34 of the Complaint that any of Defendant's employees performed any work "off the clock"; all working time was "on the clock" and employees were paid accordingly.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant admits that bonuses may be made available to certain managerial employees for complying with their budgetary expectations, and denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     The allegations in Paragraph 41 of the Complaint purport to describe a "Business report," which document speaks for itself, and Plaintiff's characterization of same is specifically denied.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

**Community Work**

45.     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     The allegations contained in Paragraph 57 of the Complaint contain legal arguments and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

**Administrative Work**

59.     Defendant admits that assistant store managers and managers performed certain administrative functions not shared by educators, but Defendant denies any inference that such managerial employees were similarly situated to one another as a result.

60.     Defendant admits that assistant store managers and managers performed certain administrative functions not shared by educators, but Defendant denies any inference that such managerial employees were similarly situated to one another as a result.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     The allegations contained in Paragraph 71 of the Complaint contain legal arguments and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.     The allegations contained in Paragraph 75 of the Complaint contain legal arguments and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     The allegations contained in Paragraph 76 of the Complaint contain legal arguments and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 76 of the Complaint.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
### FAILURE TO PAY WAGES

77.     Defendant repeats and restates its responses to the allegations contained in paragraphs 1 through 76 of the Complaint with the same force and effect as if set forth fully herein.

78.     The allegations contained in Paragraph 78 of the Complaint contain legal arguments and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.     The allegations contained in Paragraph 80 of the Complaint contain legal arguments and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.     The allegations contained in Paragraph 82 of the Complaint contain legal arguments and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS: NEW YORK OVERTIME COMPENSATION

85.     Defendant repeats and restates its responses to the allegations contained in paragraphs 1 through 84 of the Complaint with the same force and effect as if set forth fully herein.

86.     The allegations contained in Paragraph 86 of the Complaint contain legal arguments and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.     The allegations contained in Paragraph 89 of the Complaint contain legal arguments and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of the Complaint.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS:**
**FLSA OVERTIME COMPENSATION**

93.    Defendant repeats and restates its responses to the allegations contained in paragraphs 1 through 92 of the Complaint with the same force and effect as if set forth fully herein.

94.    The allegations contained in Paragraph 94 of the Complaint contain legal arguments and conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.    Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.    Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.    Defendant denies the allegations contained in Paragraph 97 of the Complaint.

**PRAYER FOR RELIEF**

Any and all allegations contained in Plaintiff's Complaint that are not expressly admitted herein are denied.  Defendant denies that Plaintiff and/or the Putative Class are entitled to any of the relief requested in the "WHEREFORE" clause or prayer for relief, including subparts (1) through (4) thereof, following Paragraph 97.

**GENERAL DENIAL**

Defendant denies each and every allegation set forth in the Complaint which is not specifically admitted herein.

**SEPARATE DEFENSES**

Defendant does not knowingly or intentionally waive any applicable defense and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during the course of the proceedings.  Defendant further reserves the right to amend its Answer and/or defenses accordingly, and/or delete defenses that it determines are not applicable,

during the course of the proceedings.  Without assuming any burdens that it would not otherwise bear, Defendant asserts the following defenses:

### FIRST SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded to Plaintiff or the members of the Putative Class that she purports to represent.

### SECOND SEPARATE DEFENSE

Plaintiff's purported claims and those of the Putative Class are barred, in whole or in part, by the applicable statutes of limitations and/or by the equitable doctrines of laches, unclean hands, waiver and estoppel.

### THIRD SEPARATE DEFENSE

Plaintiff's claims, and any claims brought on behalf of the Putative Class, are barred in whole or in part to the extent that the work performed by Plaintiff and/or the Putative Class falls within the exemptions or exceptions provided under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and/or N.Y.C.R.R. Title 12, § 142, *et seq.*

### FOURTH SEPARATE DEFENSE

Any alleged violation of the FLSA by Defendant was not willful, and therefore all claims are limited to a two-year limitations period calculated from the "opt-in" date of the Plaintiff or any future plaintiff or member of the Putative Class who files her or his written consent to join this action.

## FIFTH SEPARATE DEFENSE

Defendant at all times acted in good faith with the reasonable belief that its actions complied with state and federal laws, and at no time willfully violated any of the laws pursuant to which Plaintiff brings the instant action on behalf of herself or the Putative Class.

## SIXTH SEPARATE DEFENSE

Defendant at all times acted reasonably and in good faith in attempting to comply with any obligations it may have had under the FLSA and/or the NYLL to Plaintiff and the Putative Class (all of which obligations are denied).  Accordingly, liquidated damages are not available to Plaintiff or the Putative Class under the provisions of the FLSA or the NYLL.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Plaintiff and the Putative Class are not entitled, in whole or in part, to the relief and damages sought in the Complaint.

## EIGHTH SEPARATE DEFENSE

Plaintiff's purported claims under the FLSA are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because any actions taken or not taken by Defendant giving rise to this action were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## NINTH SEPARATE DEFENSE

Plaintiff's purported claims under the FLSA are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or

omissions by Defendant giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

## TENTH SEPARATE DEFENSE

The purported claims of the Plaintiff and Putative Class are barred by payment, setoff, settlement, waiver, release and/or accord and satisfaction.

## ELEVENTH SEPARATE DEFENSE

Plaintiff is not an adequate representative of the Putative Class that she purports to represent and, as such, should not be part of any action under the FLSA or the NYLL.

## TWELFTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff is not "similarly situated" to the Putative Class she purports to represent, and cannot satisfy statutory and/or other prerequisites to proceed collectively under 29 U.S.C. § 216(b).

## THIRTEENTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff cannot satisfy the statutory and/or other prerequisites to proceed as a class under Rule 23 of the Federal Rules of Civil Procedure, including *inter alia*, numerosity, common questions of law or fact, typicality, and her ability to fairly and adequately protect the interests of the class she purports to represent, and further because Plaintiff's claims and the claims of each member of the Putative Class require independent and individual analysis.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff or one or more of the members of the Putative Class lack standing or are otherwise not entitled to bring, maintain or participate in some or all of the claims contained in the Complaint.

## FIFTEENTH SEPARATE DEFENSE

Defendant's pay practices comply with and have complied with at all relevant times the requirements of all applicable statutes, including the FLSA and the NYLL, and all applicable regulations of the New York State Department of Labor and the United States Department of Labor.

## SIXTEENTH SEPARATE DEFENSE

To the extent Plaintiff or any member of the Putative Class is deemed to be a non-exempt "employee" of Defendant and not paid for work in excess of 40 hours in a workweek (which is denied), the uncompensated time is *de minimis*.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff's claims for monetary relief and any claims for monetary relief alleged on behalf of the Putative Class are barred in whole or in part because they have not suffered any injury or damage as a result of any act or omission allegedly taken by Defendant.

## EIGHTEENTH SEPARATE DEFENSE

The imposition of statutory penalties would violate Defendant's rights, including the right to due process and equal protection under the New York and United States Constitutions and other laws.

## NINETEENTH SEPARATE DEFENSE

Defendant intends to rely upon any other defense that may become available during the proceedings in this case, and hereby reserves its right to amend its Answer to assert any such defenses.

**WHEREFORE,** Defendant respectfully requests that the Court:

A.  Dismiss the Complaint in its entirety with prejudice;

B.  Deny each and every demand and prayer for relief contained in the Complaint;

C.  Award Defendant its costs and reasonable attorneys' fees; and

D.  Award Defendant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
       May 8, 2017

Respectfully submitted,

**DLA PIPER LLP (US)**

By: /s/ Garrett D. Kennedy
     Garrett D. Kennedy

Garrett D. Kennedy, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel.:  (212) 335-4500
Fax:  (212) 335-4501
E-mail: garrett.kennedy@dlapiper.com

Katharine Liao, Esq. (admitted *pro hac*)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel.: (310) 595-3000
Fax: (310) 595-3300
E-mail: katharine.liao@dlapiper.com

*Attorneys for Defendant lululemon usa, inc.*